Copley *v.* Dowell, Executor, &c.

SAME CASE—ON AN APPLICATION FOR A RE-HEARING.

GEORGE W. COPLEY *v.* JOHN DOWELL, Executor, &c.

A sale is complete as to the parties, as soon as the terms are agreed upon; but as to third persons, a delivery must take place before their rights can be affected.

On the sale or transfer of a debt, delivery is affected as to third persons by notice to the debtor of the transfer.

ACTION before the Court of Probates for the parish of Ouachita,

Copley v. Dowell, Executor, &c.

*Leamy*, J., against John Dowell, as testamentary executor of Nancy Strong, *alias* Kirkpatrick, and tutor of James Strong, her only child, for the sum of fourteen hundred dollars, being an amount alleged to be due to one John Morrison, for two years services as overseer on the plantation of the deceased, of which claim the plaintiff became the purchaser at a sale of the said claim by the sheriff of the parish of Ouachita, under a judgment in a suit of the plaintiff against said John Morrison. The petition alleges that the defendant and said John Morrison have connived together since the seizure of the claim, and have endeavored by giving receipts and making other acknowledgments to defraud the plaintiff out of the said claim. The defendant pleaded a general denial; and averred that John Morrison was in his employment from the 1st of January, 1839, to August, 1840, at a salary of four hundred and fifty dollars a year; that his employment ended by mutual consent at the latter period; and that he had paid him in full, which the plaintiff knew at the time of the purchase. The defendant excepted to the competency of the court to take cognizance of any charge of fraudulent connivance such as was alleged in the petition, which he contended was exclusively within the jurisdiction of the ordinary tribunals.

James Gleason proved that Morrison had been employed as an overseer by the defendant on the estate of his testatrix during the year 1839 and until some time in August, 1840. He thought his services worth five hundred dollars a year. A copy of the judgment, execution, and return in the case of the plaintiff against John Morrison was admitted in evidence; with copies of the will of Nancy M. Strong *alias* Kirkpatrick, and of the orders appointing the defendant executor and tutor. There was judgment in favor of the defendant.

Plaintiff, *in propria persona.*

*McGuire*, for the defendant and appellee.

MARTIN, J. The plaintiff is appellant from a judgment which rejects his claim against the estate of one Nancy M. Strong *alias* Kirkpatrick, deceased. It appears he purchased this claim for one dollar at a sheriff's sale on a credit of twelve months; being the claim of his debtor, Morrison, who had been employed as an overseer for more than a year, at the request of his deceased sister made

in her will, on a plantation which was part of her estate : but the plaintiff neglected to give notice of this purchase to the defendant, as executor of said estate, who in the mean while settled with Morrison, from whom he obtained a final discharge.

The petition alleges that 'this settlement and discharge were made and given by the connivance and fraud of the said defendant and Morrison, with the view of defeating the plaintiff's claim.

It does not appear to us that the court erred in rejecting this demand. A sale is complete as to the parties thereto, as soon as they agree on its terms. But as to persons not parties to it, a delivery must take place before their rights can be affected. On the sale or transfer of a debt, the delivery takes place by notice given to the debtor of the transfer having taken place. Civ. Code, arts. 2612, 2613.

The plaintiff in this case had acquired no right under his sale, against the defendant, at the time the latter settled with Morrison and took his discharge. If however he has any claim on the ground of connivance and fraud, it is not one which he can enforce in the court of probates against the defendant in his representative capacity. His remedy is against the defendant personally, and in a court of ordinary jurisdiction.

*Judgment affirmed.*